MASON J. HUGLEY, plaintiff in error, vs. ELIZA HOLSTEIN, defendant in error.

The jury were charged with a case, and by direction of the Judge, delivered to the clerk their verdict, in the presence of the Judge, after Court had adjourned for the night, but in the absence and without the consent of counsel, and dispersed for the night. Next morning, objection being made to the reception of the verdict, the papers, by consent of counsel were returned to the jury, who retired. During their absence, a motion was made to continue the case on the ground of newly discovered testimony; the Court granted the motion and sent for the jury, who came into Court with their verdict written on the papers. He directed that the verdict be erased, and the papers handed to the clerk: *Held*, That the Court should have received and had the verdict recorded, and that the granting of the continuance was error.

Motion for Continuance. In Monroe Superior Court. Decided by Judge SPEER. February Term 1866.

An issue formed upon a rule to foreclose a mortgage was

tried between the plaintiff in error, as mortgagee, and defendant, as mortgagor.

It being near sunset when the Court's charge to the jury was concluded, the Judge, saying to the jury that he would not adjourn, but suspend the Court, directed them to inform him when they agreed upon a verdict, and said he would come in and receive it. Counsel for defendant replied, that the jury might disperse after finding their verdict, and return into Court the next morning. Counsel for plaintiff then proposed that they might hand in their verdict and all the papers to the clerk, and disperse. The Court inquired if there was any objection to this course; and no one objecting, the jury were instructed so to do. The jury retired, and the Court was adjourned, regularly, to the usual hour next morning. The Judge left the court house, and shortly afterwards, was notified by a bailiff that the jury had made a verdict and were ready to return it. He repaired to the court house, and, without opening the Court or having the verdict read, directed the jury to hand it to the clerk, which they did, and then dispersed—one of them applying for leave of absence until ten o'clock next day, which was granted.

When the Court met next morning, counsel for the defendant stated in his place that he did not hear the proposition of the opposite counsel upon which the Court acted, and that if he had heard it, he should have refused to consent to it; that all he did consent to was, that on finding a verdict, the jury might disperse for the night and return the verdict into Court next morning, his object being to avail himself of every right and privilege his client might have.

At the suggestion of plaintiff's counsel, to which no objection was made, the Court sent to their room for the jury, and had the papers handed back to them, that the verdict might be formally delivered. It was then discovered that the juror who had obtained leave of absence, had not returned. The jury being in their box awaiting his

return, the defendant's counsel asked that they be sent to their room, as he had just received certain information touching the case, upon which he proposed to found a motion that he deemed it improper to make in their presence. They were sent out accordingly, taking the papers with them; and the counsel then submitted his motion for a continuance, on the ground of certain evidence discovered that morning, supporting the motion with affidavits. The evidence and affidavits are both in the record, but need not be set out here.

In the course of his argument upon the motion, the counsel stated that his object in requiring the verdict to be returned into Court that morning, was to exercise the right of polling the jury, but that, being informed, while they were waiting for the absent juror, of the newly discovered evidence, he had changed his purpose and moved for a continuance.

The Court, as the case was in the last resort and the new evidence was cumulative, and might, therefore, not be sufficient to uphold a motion for a new trial, deemed that the ends of justice would be promoted by a continuance, and granted it accordingly; and after recalling the jury, caused them to erase from the papers the verdict they had signed finding for the plaintiff.

To all which the plaintiff excepted, and now complains of the same as error.

CABANISS & PEEPLES, for plaintiff in error.

TRIPPE, for defendant.

WALKER, J.

The question in this case is one of practice; and the rule to be established, one rather of expediency than of principle. Upon the best consideration we have been able to give the question, we think it better that the verdict should be

received and recorded, than to permit the case to be continued after the finding of the jury has become known. The principle of the case of *Merchants' Bank vs. Rawls,* 7 *Ga· Rep.* 199 and 200, is applicable to the facts in this case. There the Court says, " we believe that the ends of justice, and equality of right and privilege between parties, will be best promoted by the following rule, to-wit : A party shall not dismiss or be non-suit in any case, after the publication of the verdict, and it shall be considered as published *eo instanti* in which it is handed to the plaintiff's counsel, *or other person directed by the Court to receive it.*" While, under the *Code, sec.* 3486, this verdict could not, perhaps, be said technically, to have been " published," yet in all essential particulars it was so. The jury agreed on their verdict, wrote it out, had it signed by their foreman, and delivered it to the clerk, by the direction and in the presence of the Judge. Next morning after the papers had been, by consent, re-delivered to the jury, they came into open Court with their verdict, showing that they still agreed as to their finding. We think, under all the facts and circumstances of the case, the verdict should be received and recorded, allowing the parties all the rights they would possess were the verdict just rendered ; that a motion for a new trial may be made, or any other motion which may be proper, on the same terms as if no continuance had been granted.

We deem it proper to say that we agree with the Court below, that the newly discovered evidence may be material, and, perhaps, will warrant the granting of a new trial. Indeed, it is with reluctance that we have reversed the judgment granting a continuance ; but we think the better practice, under such circumstances, will be to consider of the materiality and effect of the newly discovered evidence, upon a motion for a new trial, rather than upon an application for a continuance after the finding of the jury shall have become known.

Judgment reversed.