Cothran vs. Donaldson.

HUGH D. COTHRAN, administrator, et al., plaintiffs in error, vs. JOSEPH DONALDSON, defendant in error.

1. Where a case was submitted to the jury upon the agreement of counsel, that should they make a verdict before the Court convened on the next morning, the foreman might take the papers and the jury disperse; which course was pursued, but upon the assembling of the jury on the succeeding day, the foreman stated to the Court that, on the previous evening, the jury had agreed upon a verdict, but that he, after they had dispersed, had become satisfied that there was an error in it, and asked that the jury be remanded to their room that the error might be corrected, it was error in the Court, after asking them in a body if any one had tampered with them or attempted to influence their opinions in any way in the matter, to which none of them made any reply, except that two of them stated that the sheriff and another person had asked them if they had agreed upon a verdict, to accede to the request of the foreman.

2. If the verdict was merely imperfect and informal, but the intention of the jury was clearly expressed, then the Court should have had the verdict put in proper form in accordance with that intention. If, however, the verdict was so defective as to be void, under the law, then the Court should have set it aside and declared a mistrial.

Practice in the Superior Court. Jury. Verdict. Mistrial. Before Judge HARVEY. Bartow Superior Court. March Term, 1873.

For the facts of this case, see the decision.

ROBERT T. FOUCHE; JOHN W. WOFFORD, for plaintiffs in error.

W. T. WOFFORD; A. JOHNSON, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendants on a promissory note for the sum of $4,181 00, dated 1st May, 1860, due one day after date, on which there were several credits. On the trial, the jury found a verdict for the plaintiff for the sum of $4,936 41. The plaintiff remitted the sum of $1,255 41, leaving the verdict to stand for the sum of $3,681 00. The defendants made a motion for a new

Cothran *vs.* Donaldson.

trial, on the several grounds stated therein, which was over-ruled, and the defendants excepted. It appears from the record and bill of exceptions that after the jury had been charged by the Court with the case, the Court adjourned until the next morning, the counsel for the respective parties consenting that if the jury agreed on a verdict before the Court convened the next morning, that the foreman of the jury might retain the verdict and return it in open Court. When the jury reassembled the next morning, the foreman stated to the Court, that on the previous evening the jury had made a verdict, but he had, during the night, and after the jury had dispersed, become satisfied there was an error in the verdict, and that he wanted the jury sent back to their room that the verdict might be corrected. The Judge certifies, in the bill of exceptions, that the verdict was imperfect and informal, but in what respect, it does not appear. The defendants' counsel objected to the resubmission of the case to the jury, for the reason that they had dispersed and could no longer be the jury in the case. The Court, however, swore the jury, and asked them, in a body, if any one had tampered with them, or attempted to influence their opinions in any way in the matter, to which none of them made any reply, except that two of them stated that the sheriff and another person had asked them if they had agreed to a verdict. The case was then, against defendants' objection, resubmitted to the jury, by the Court, they retiring to their room, and after being out several hours, returned the verdict hereinbefore set forth.

If the verdict was merely imperfect and informal, but the intention of the jury clearly expressed, then the Court should have had the verdict put in proper form, in accordance with that intention. If, however, the verdict was so defective as to be void, under the law, then the Court should have set it aside and declared a mistrial in the case. What was the matter with the verdict, the record does not inform us. But it was error in the Court to submit the case to the jury again for their consideration, against the defendants' objections, after

they had dispersed, because the foreman of the jury said he was not satisfied with the verdict. The swearing of the jury did not help the matter, as only two of the jurors answered the questions put to them by the Court in relation to their having been influenced or tampered with. It would be an unsafe and dangerous rule to establish, that a verdict rendered by a jury, under the statement of facts disclosed by the record in this case, should stand. But for this error of the Court, we should not have been disposed to have interfered with the judgment, although we do not think the case was very clearly and fairly submitted by the Court to the jury in its charge.

Let the judgment of the Court below be reversed.