## MAYO *vs.* KEATON, administrator.

Where exceptions of fact are filed to an auditor's report, the jury must pass upon them *seriatim;* and this requirement cannot be met by finding an aggregate amount for one party, or by finding generally for the other.

(*a*) While verdicts are to be given a reasonable intendment, and may be construed where the jury have expressed their meaning in an informal manner, the court cannot supply substantial omissions.

(*b*) Where no exceptions are filed to the reports of auditors or masters, the court may decree upon them; but when exceptions are filed involving questions of fact, they must be passed upon in the manner above indicated before any decree can be rendered.

February 26, 1887.

Auditors.    Verdict.    Practice in Superior Court.    Before  Judge BOWER.    Dougherty Superior Court.    April Term, 1886.

Reported in the decision.

G. J. WRIGHT;  R. HOBBS ;  D. H. POPE ;  L. ARNHEIM, for plaintiff in error.

W. E. SMITH ;  R. F. LYON ;  D. A. VASON, for defendant.

HALL, Justice.

This case was tried upon exceptions made by both parties to the auditor's report.   The jury, contrary to the instructions of the court, failed to find on the exceptions *seriatim*, but returned a general verdict in favor of the complainant for a specified amount of money.   This verdict was received and entered on the minutes of the court, without objection on the part of the defendant as to its

sufficiency when it was so received. A motion for a new trial, upon this and several other grounds, was made, and was overruled by the court; to which ruling the defendant excepted. It is conceded by counsel for the complainant that the finding was not in accordance with, but directly opposed to, law, but they insist that the result upon the whole case was what it should have been, and that, if there was any error as to the amount found, it was against the complainant, and of this the defendant could not complain.

The requirement is positive that the jury shall pass *seriatim* on the exceptions, and it cannot be met by finding an aggregate amount for one party or by finding generally in favor of the other, as was expressly held in *Poullain et al. vs. Poullain,* 72 *Ga.* 412, and was substantially repeated in the same case when it came before this court at the March term, 1886. (76 *Ga.* 420.) These exceptions were the only issues submitted to the jury, and the code (§3559) declares in express terms that "the verdict must cover the issues made by the pleadings." While it is true that verdicts must have a reasonable intendment, and must be so construed as to prevent their being avoided except from necessity (code, §3561), yet it is equally true, that under no proper rule of interpretation or construction can an omission to find as to any one of those issues be supplied, as was held in *Wood vs. Milly McGuire's Children,* 17 *Ga.* 361, and in *Cobb vs. Wise, trustee, et al.,* 71 *Ga.* 103, where it was said: " While verdicts are to be given a reasonable intendment, and may be construed where the jury have expressed their meaning in an informal manner, the court cannot supply substantial omissions."

Where no exceptions are filed to the reports of auditors or masters, the court may decree upon them, but when exceptions are filed, they must be passed upon in the manner above indicated before any decree can be rendered. Where questions of fact are involved in litigated cases, they must be decided by a special jury selected as in cases of appeals; but if there be no such question, or the mas-

ter's report unexcepted to covers all such questions, the judge may render a decree without the verdict of a jury. Code, §4206.* There was nothing, under these rules of law, upon which a decree could be rendered in this case; and this dispenses with the consideration of the case on its merits, as claimed by the contending parties, and renders it wholly unnecessary and improper to consider other questions made.

Judgment reversed.

*The bill in this case was filed in 1873; the auditor's second report was filed November 25, 1884; exceptions were filed February 28, 1885, and others added by amendment subsequently. (Rep.)