named prices for different classes of convicts, to take all convicts and maintain them without expense to the county, to send proper guard for them when notified, pay the stipulated price on their delivery, and keep, guard, clothe and work all such convicts as provided in the respective sentences of the courts.   For the faithful performance of this contract he executed a bond with security, payable to the ordinary of Walton county, and his successors.   The county performed its part of the contract, giving due notice and delivering all convicts called for in response thereto; but about August 29, 1892, Franklin refused, and continued to refuse for the balance of the time covered by the agreement, to receive or send for any more such convicts as he agreed under the contract to take; whereby the county was forced to keep them in jail until they could be rehired, and then to rehire them at lesser rates than he had agreed to pay. Suit was brought on the bond, for the difference in hire, expenses, etc., of the convicts so rejected; and the petition, showing the foregoing facts with other details not necessary to mention, was dismissed on demurrer.

SANDERS MCDANIEL, for plaintiff.

E. F. EDWARDS, for defendants.

---

KENNEDY v. BRAND.

LUMPKIN, J.—Under the plain and unequivocal mandate of section 4203 of the code, when exceptions to the report of an auditor are submitted to a jury, they must return a verdict on each exception *seriatim*.   Accordingly, where divers exceptions to an auditor's report were thus submitted, a verdict in these words, " We, the jury, find to sustain the auditor's report," was contrary to law, and must be set aside.          *Judgment reversed.*

December 21, 1894.

Exceptions to auditor's report.   Before Judge CLARK. Rockdale superior court.   April term, 1894.

J. N. GLENN, for plaintiff in error.

J. R. IRWIN, *contra.*