## HARRIS *et al. v.* LUMPKIN, and *vice versa.*

1. A bill of exceptions will not be dismissed because the judge interpolates in the certificate thereto, as prepared by counsel for his signature (which is in the proper statutory form and which states that the bill of exceptions "specifies all of the record") the words "except the parts of the record not specified" and requires the clerk to transmit to the Supreme Court such parts of the record as are specified "and the balance of the record not specified."

2. If a demurrer to a petition was erroneously overruled, but subsequently during the trial the petition was amended so as to cover the defect at which the demurrer pointed, such erroneous ruling was thereby rendered harmless.

3. It is not cause for demurrer to a petition alleging damages for breach of a contract, and seeking to recover therefor, and praying for equitable relief in connection therewith, that the plaintiff has an adequate remedy at law.

4. The superior court of the defendant's residence in this State has jurisdiction of an action against him to recover damages for an alleged breach of a contract to be performed in another State, and to enjoin him from further anticipated breaches and trespasses in connection with such contract.

5. There was no merit in the special demurrers to the petition on the grounds that certain paragraphs thereof set forth merely the conclusions of the pleader, and that the damages claimed were speculative and too remote to be recovered.

6. The only issues to be determined by a jury on the trial of exceptions of fact to an auditor's report are those made by the exceptions, and the jury must make a finding seriatim on each exception. Where the jury returns a verdict not in compliance with this rule, and the same is inconsistent in its terms, the verdict is contrary to law and will be set aside.

(a) As there is nothing which will support a final decree, questions made on the trial or which relate to the various rulings on the exceptions to the auditor's report are not before the court for consideration.

MARCH 4, 1911.

Equitable petition. Before Judge Fite. Bartow superior court. January 8, 1910.

*John T. Norris,* for Harris et al.

*Neel & Neel, Paul F. Akin,* and *G. H. Aubrey,* contra.

FISH, C. J. Thomas Lumpkin brought an action in the superior court of Bartow county against W. L. Harris and Weston H. Jones, partners under the name of Harris and Jones, to recover damages for alleged breaches of a contract entered into by the plaintiff and the defendants, and for certain equitable relief by way of injunction in connection with the contract, which related to the sawing of timber by the defendants upon certain lands of

the plaintiff located in the State of Alabama. The defendants demurred generally and specially to the petition, and also filed an answer thereto. The case was referred to an auditor with power to pass upon all questions of law and fact in the case. The auditor overruled the demurrers to the petition. Numerous exceptions of law and fact were filed by both plaintiff and defendants to the findings of the auditor. The court dismissed all exceptions of law filed by both parties, and disallowed some of the exceptions of fact filed by both parties, and allowed certain other exceptions of fact of both parties which were submitted to the jury, who returned the following verdict: "We, the jury, find against each and every exception of the plaintiff, and against each and every exception of the defendants, and against the report of the auditor. We further find that the plaintiff pay the cost of this jury trial." Upon this verdict the court rendered the following decree: "The jury rendering the verdict in this case having stated in open court, at the time of its rendition, that they were unable to agree upon any other verdict, and it was their purpose in rendering same to set off one claim against the other, and require the plaintiff to pay the costs of the trial before the court, leaving the question of costs and expenses before the auditor to be decided by the court: it is therefore ordered, considered, and adjudged by the court that the defendants recover of the plaintiff, for the use of officers of court, $—— costs of the trial before the jury in this court." It was further ordered that the plaintiff and the defendants each pay one half of the costs and witness fees before the auditor, and one half of the fees of the auditor and stenographer, and "that neither party recover of the other, other than as above ordered." The defendants moved for a new trial, which motion was overruled, and they sued out a bill of exceptions in which error was assigned upon the overruling of their motion for a new trial and their demurrers to the petition, and also upon their exceptions pendente lite to the overruling of their exceptions of law, and certain of their exceptions of fact to the auditor's report, and to the approval of certain exceptions of fact filed by the plaintiff to such report. The plaintiff also moved for a new trial, which motion was overruled. He thereupon sued out a cross-bill of exceptions, assigning error upon the decree rendered by the court and the refusal of the court to enter a decree on his motion in accordance with the findings of

the auditor, and also assigning error upon certain exceptions pendente lite filed by the plaintiff to the overruling of his exceptions of law, and certain of his exceptions of fact to the auditor's report, as well as to the approval of certain of the defendants' exceptions of fact to such report.

1. Lumpkin, the defendant in error in the main bill of exceptions, moved to dismiss the same in this court, upon the ground that it was not unqualifiedly verified by the certificate of the trial judge, as required by law. In the main bill of exceptions it was recited that the defendants, on a given day, filed their motion for a new trial, and that the trial judge, in an order passed in connection therewith, stated "that defendants need not narrate or present for approval any brief of evidence, the same having been transcribed and filed by the auditor." Another recital in the bill of exceptions was, that "The defendants specify the following portions of the record in said case as material to a clear understanding of the errors in this bill of exceptions, to wit:" Then follow 32 specifications of the portions of the record. The certificate of the judge to the main bill of exceptions was as follows: "I do certify that the foregoing bill of exceptions is true, and specifies all the evidence, and specifies all of the record (except the parts of the record not specified) material to a clear understanding of the errors complained of, and the clerk of the superior court of Bartow county is hereby ordered to make out a complete copy of such parts of the record in said case as are in this bill of exceptions specified (and the balance of the record not specified), and certify the same as such, and cause the same to be transmitted to the March term of the Supreme Court, that the errors alleged to have been committed may be considered and corrected. Interlineations by the court before signing." So much of this certificate as we have placed in parentheses was interlined by the judge. While the method pursued in this case, of incorporating in the bill of exceptions so much of the record, and specifying other portions of the record as necessary to be sent up, greatly adds to the labors of this court and for this reason such practice is not commended, yet we do not think that we would be justified in dismissing the writ of error upon the ground contained in the motion made therefor. See Civil Code (1910), § 6147 (Civil Code (1895), § 5534). In *Gregory v. Daniel*, 93 *Ga.* 795 (20 S. E. 656), a motion was made to dismiss

the writ of error in this court, "because no parts of the record were specified in the bill of exceptions as being material to be brought to the Supreme Court; and because the judge's certificate was in the form prescribed by the law prior to the passage of the Supreme Court practice act of November 11, 1889." The motion to dismiss was overruled. The ruling was put upon the broad provisions of the act of December 18, 1893 (Acts 1893, p. 52), now incorporated in the Civil Code (1910), § 6183 et seq. It follows, as a matter of course, that if the failure to specify any part of the record in the bill of exceptions is not cause for its dismissal, then the failure to specify some portions of the record will not be cause for dismissal. The certificate of the judge, in the case cited, recited that the bill of exceptions to which his certificate was attached was true and specified all of the record material to a clear understanding of the errors complained of, while as a matter of fact no part of the record was specified in the bill of exceptions. In the present case, while the certificate of the judge recites that he certifies the bill of exceptions to be true, and that it specifies all of the record material to a clear understanding of the errors complained of, it contains this qualification: "except the parts of the record not specified." The motion to dismiss is overruled.

2. The first ground of the demurrer to the original petition raised the point that the petition was multifarious, because based on inconsistent theories. During the progress of the cause the petition was amended, and a demurrer was interposed to the amendment, which also made the point that the allegations in the amendment were inconsistent. The inconsistency was alleged to result from an allegation in the petition that the contract was void because lacking in mutuality, and in claiming damages for its breach. The inconsistency, however, was removed by a later amendment allowed to the petition, which withdrew the allegation that the contract was void, and averred that it was valid. The contract was in writing, and a copy was appended to the petition. In the third ground of their demurrer, the defendants averred that the allegation of invalidity of the contract was merely a conclusion of the pleader "and in no way sustained by the provisions and matter of the contract attached to and made a part of plaintiff's bill or petition." Thus it will be seen that the ground of the demurrer was aimed at the construction placed upon the contract by the

plaintiff; and when the plaintiff amended to meet this objection, the defendants thereby accomplished the purpose of this ground of their demurrer. In neither the original demurrer nor in the demurrer to the amendment was the point raised that the contract was unilateral.

3. The other grounds of the general demurrer were (1) that the plaintiff had an adequate remedy at law, and (2) that the allegations of the petition showed that the subject-matter of the litigation was not within the jurisdiction of the court. The first ground was manifestly without merit. Since the passage of the uniform procedure act of 1887, so far as the petition prayed relief aside from any extraordinary remedy, there could be no such demurrer thereto as that the plaintiff had an adequate remedy at law. *DeLacy* v. *Hurst*, 83 *Ga.* 223 (9 S. E. 1052); *Booth* v. *Mohr*, 122 *Ga.* 333 (50 S. E. 173).

4. As to the second ground of demurrer, that the petition sought damages for the breach of a contract relating to the sawing of timber located on land situated in the State of Alabama, the cause of action was the alleged breach of contract, and anticipated trespass to be committed in connection therewith; and as the defendants were alleged to be residents of the county in which the action was brought, the court had jurisdiction, notwithstanding the contract related to the performance of acts beyond the limits of the State.

5. The special demurrer attacked paragraphs 11, 12, 13, 14, 17, and 24 of the petition, on the ground that they set out only conclusions of the pleader, and that the damages claimed to result from such allegations were speculative in character and too remote to be the basis of a recovery. Under the contract attached to the petition, the defendants were to saw the timber of the plaintiff according to his orders. The paragraphs of the petition to which the special demurrer was directed averred that certain orders were given by the plaintiff to the defendants, pursuant to the contract, and that the orders were not executed with reasonable diligence, nor in a manner as pointed out in the contract in specific instances; and the damages claimed were for the depreciation in value of the lumber, caused by the defendants' violations of the terms of the contract. Therefore such special demurrers were not meritorious.

The special demurrers to the amendments are not discussed in the brief for the plaintiff in error, and are to be considered as having been abandoned.

6. The verdict shows that it was void on its face, and its invalidity is more apparent when considered in connection with the recitals of the judge in the decree. The statute requires that when exceptions to an auditor's report are approved, they shall be submitted to the jury, who "shall find for or against each exception submitted, seriatim." Civil Code (1910), § 5146. This provision was in the Civil Code of 1895, § 4600. The jury were therefore without authority to find on any issue except those made by the exceptions submitted to them by the judge. Their finding against the auditor's report, and that the plaintiff pay the costs of the jury trial, can not be eliminated as·surplusage. This is true for the reason that the jury stated, ·as declared by the judge in the decree, upon the return of their verdict, in open court, and before it was received and recorded, that the verdict as written was the only one they could agree upon, "and that it was their purpose, in rendering the same, to set off one claim against the other, and require the plaintiff to pay the costs of the trial before the court, leaving the questions of costs and expenses before the auditor·to be decided by the court," thus showing that their finding against each and every exception of fact was based upon the further finding to the effect that neither party should recover anything against the other, and that the plaintiff should pay the costs of the jury trial. It is therefore manifest that the verdict as rendered contravenes the express statutory provisions that their finding should be limited to the exceptions of fact submitted for their consideration and that upon these they must find seriatim. The finding against the auditor's report was a general finding, and coupled with their other finding, and the statement made in open court before the return of the verdict, conclusively demonstrates a departure from the mandate of the statute. The verdict, being in opposition to the form prescribed by the statute, and inconsistent in its terms, was not a legal verdict. It being thus inconsistent in its terms, and not in compliance with the statutory forms, the judge should have refused to receive it. It follows that a new trial must be granted on the ground that the verdict was contrary to law in the particulars stated. *Poullain* v. *Poullain,* 72 Ga. 412 (2) ; *Mayo* v. *Keaton,*

78 *Ga.* 125 (2 S. E. 687) ; *Cooper* v. *Branch,* 86 *Ga.* 234 (12 S. E. 808) ; *Kennedy* v. *Brand,* 95 *Ga.* 539 (20 S. E. 631). In *Mayo* v. *Keaton,* supra, it was held that where exceptions of fact are filed to an auditor's report, the jury must pass upon them seriatim; and this requirement can not be met by finding an aggregate amount for one party, or by finding generally for the other; and that such exceptions must be passed upon seriatim before any decree can be rendered. That case was tried upon exceptions made by both parties to an auditor's report. The jury failed to find on the exceptions seriatim, but returned a general verdict in favor of the complainant for a specified sum. The verdict was received and entered upon the minutes of the court, without objection on the part of the defendant as to its sufficiency when so received. A motion for a new trial was filed by the defendant on many grounds, which was overruled. Counsel for the defendant in error there insisted that the result upon the whole case was what it should have been, notwithstanding the failure of the jury to pass on the exceptions seriatim. The verdict was nevertheless set aside. After citing the section of the code and several former decisions of this court, to the effect that the requirement is positive that the jury shall pass seriatim on the exceptions of fact, the court said: "There was nothing, under these rules of law, upon which a decree could be rendered in this case; and this dispenses with the consideration of the case on its merits, as claimed by the contending parties, and renders it wholly unnecessary and improper to consider the other questions made." The case of *Kennedy* v. *Brand,* supra, which involved exceptions to an auditor's report, was disposed of in the same manner, none of the exceptions being passed on by the court. Following these precedents, we have undertaken to decide only the questions of pleading made by the demurrers, as the general demurrer, if it had been sustained, as the plaintiff in error in the main bill of exceptions contended that it should have been, would have been a final disposition of the case. We have also passed upon the question as to the validity of the verdict. The other points raised by the parties upon the hearing before the auditor, and presented by exceptions to the findings of the auditor in his report, we deem "it wholly unnecessary and improper to consider" and pass upon. They are, however, all preserved, we think, by exceptions pendente lite duly filed.

What we have said disposes of all the assignments of error set out in the cross-bill of exceptions.

*Judgments on both the main and cross-bill reversed. All the Justices concur, except Lumpkin, J., disqualified.*