## 20601. BUNCKLEY *v.* THE STATE.

Duckworth, Chief Justice. The plaintiff in error was indicted, tried, and convicted in Talbot Superior Court of robbery by force, and the jury failed to return a recommendation for mercy. Thereafter he filed a motion for new trial, which was subsequently amended to add additional grounds, and, after a hearing, the motion as amended was denied. The exception is to this judgment. *Held:*

1. Several of the special grounds complain of the charge on conspiracy. None of these is meritorious since the confession of the defendant here showed he and others committed the robbery, and the charge on conspiracy was thus authorized by the evidence. *Gossett* v. *State*, 182 *Ga.* 535, 536 (186 S. E. 417); *Harris* v. *State*, 207 *Ga.* 287 (2) (61 S. E. 2d 135). And the evidence and the charge are in the trial of this defendant and not used in the trial of the other conspirators jointly indicted with him.

2. While the defendant did not make an unsworn statement during the trial, and the court charged that a reasonable doubt is one based on some ground in the testimony, the want of testimony, or of the defendant's statement, the special ground complaining thereof does not allege or show injury, and it is a mere conclusion of the movant that the court thus called the jury's attention to the fact that the defendant had not made a statement but remained silent. The special ground complaining of this excerpt from the charge is without merit. *Teague* v. *State*, 208 *Ga.* 459 (5-7) (67 S. E. 2d 467).

3. It is also a mere conclusion of the movant that the court charged that the jury must find the defendant guilty, in stating that, "under the charge made by the State . . . you must find that the defendant used force and you must find that he took the property . . . with the intent to steal same." The court merely stated elements of the crime, and there is no merit in the special ground complaining that the court thus charged the jury to find the defendant guilty.

4. While the evidence of the sheriff, who was present when the confessions were made, was stricken because he would not deny possibly suggesting that it would be easier on the defendant if he told the truth, the testimony of the G. B. I. agent was unequivocally that the statements were freely and voluntarily made, and that he did not hear the sheriff tell the defendant "that it would be lighter on him if he did make a statement." The State met the requirements of producing evidence that the statements were freely and voluntarily made as required by Code § 38-411. The ground complaining of the allowance of the G. B. I. agent's testimony because the sheriff was present and his testimony disallowed, for the reason given above, is without merit. See *Harris* v. *State*, 214 *Ga.* 739 (107 S. E. 2d 801), and cases cited therein.

5. The evidence was sufficient to support the verdict, and the

general grounds are without merit. For the reasons stated above, the court did not err in denying the motion for new trial as amended.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 15, 1959—DECIDED OCTOBER 9, 1959.

*John Andy Smith, Brooks Culpepper, Robert H. Jordan, George R. Jacob,* for plaintiff in error.

*John H. Land, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* contra.