42972. HAUGHTON et al. v. JUDSEN.

Argued September 5, 1967—Decided September 14, 1967.

*Moon, Harris & Dineen, W. D. Moon, Frank M. Gleason,* for appellants.

*John E. Wiggins,* for appellee.

Eberhardt, Judge. ■ Was the verdict void because of its form? True enough, the form used by the jury was not one to which we have been accustomed in civil cases; rather, it is the form generally used in criminal cases. But this is not enough to invalidate the verdict if by inspection or by a reasonable construction we may apprehend its intendment. *Code* § 110-105.

In these cases the defendant was charged with specific acts of negligence, and in order to recover it was incumbent upon the plaintiffs to demonstrate to the satisfaction of the jury that he

had been guilty of one or more of them. The jury was so charged by the court. What, then, did the jury intend to say when returning a verdict of "We, the jury, find the defendant not guilty as charged?" The verdict may be construed in the light of the pleadings, the issues made by the evidence and the charge. *Harvey v. Head,* 68 Ga. 247; *Taylor v. Brown,* 165 Ga. 698, 700 (141 SE 898); *Powell v. Moore,* 202 Ga. 62, 66 (42 SE2d 110). A verdict is certain which can be made certain by what it contains or by the record. *Jackson v. Houston,* 200 Ga. 399 (37 SE2d 399). The presumptions are in favor of the validity of verdicts, and if possible a construction will be given which will uphold them. *Atlantic & Birmingham R. Co. v. Brown,* 129 Ga. 622 (4) (59 SE 278). Even if the verdict is ambiguous (which this is not) and susceptible of two constructions, one of which would uphold it and one of which would defeat it, that which would uphold it is to be applied. *Calhoun v. Babcock Bros. Lmbr. Co.,* 199 Ga. 171 (33 SE2d 430).

Can there be any doubt that the intendment of the jury here was to say to the court and to the parties that the evidence had been weighed in the light of the court's charge and that they had concluded that plaintiffs had failed to sustain any charge of negligence made in their petitions? We think not.

We have found no case in which the Supreme Court or this court has dealt with the exact situation here presented. But we do find that wherever it has come up in other states which have rules for the construction of verdicts similar to ours, the verdict has been upheld. E.g., Worford v. Isbel, 1 Bibb 247 (Ky.) (4 AD 633), an action for assault and battery; Walter v. Louisville R. Co., 150 Ky. 652 (150 SW 824, 43 LRA (NS) 126, AC 1914D 441), an action to recover for the alleged negligence of a railroad; Wheat's Adm'r. v. Gray, 309 Ky. 593 (218 SW2d 400, 7 ALR2d 1336), an action to recover for the death of plaintiff's intestate when struck by defendant's automobile; Wilson v. McCarty, 156 Iowa 660 (137 NW 920), an action for breach of promise of marriage; Hanson v. Kendt, 94 Kan. 310 (146 P 1191), an action for assault and battery; Ambrose v. Allen, 113 Cal. App. 107 (298 P 169), a negligence action. In Hawkes v. Crofton, 2 Keny. 388 (96 Eng. Rep. 1219), a verdict finding the

defendant guilty and assessing damages in an action of trespass, assault and battery, was upheld.

There can be no difficulty in construing these verdicts as being for the defendant. As the Iowa court observed in Wilson v. McCarty, supra, "It was a clear finding for the defendant, and would indicate that some of the jurors had knowledge of the old form of verdict in such cases, which was 'not guilty.'"

The verdicts were and are valid, though in a form not in general current usage.

■ It is contended that the verdicts were not published and that for this reason the dismissal of the petitions was permissible. With this we cannot agree. The record indicates that when the jury had reached a consensus and returned to the box the judge inquired of them whether they had reached verdicts in the cases; one of them replied that they had and the judge then directed the clerk to receive and publish the verdicts. Thereupon the clerk took the petitions on which the verdicts had been written and read the verdicts in open court. This constitutes a publication. *Merchants' Bank of Macon v. Rawls,* 7 Ga. 191 (4) (50 AD 394); *Hugley v. Holstein,* 34 Ga. 572.

The verdict was neither imperfect nor informal. It needed no change to be valid in all respects. However, upon objection to the form of it by plaintiffs' counsel the court directed the jury to alter the form so as to comply with the general current usage. This instruction or direction did not have the effect of disapproving the verdict or of rejecting it. *Meador v. Dollar Savings Bank,* 56 Ga. 605 (4). Without any change being made, the verdict, valid in all respects, had been returned, received and published, and was binding. Cf. *Cothran v. Donaldson,* 49 Ga. 458 (2).

■ The verdict being valid in form, though not in accord with current general usage, having been received and published, it was beyond the power of the plaintiffs, their counsel or the court to dismiss the petitions. *Merchants' Bank of Macon v. Rawls,* 7 Ga. 191 (4), supra. Plaintiffs' only remedy from the time of publication was by way of a motion for new trial or a direct appeal. Unless the verdict could be set aside for some error of law it was binding. No such effort was made.

Any attempt at voluntary dismissal, or order of dismissal, entered after publication of the verdict was null and void. "The plaintiff had lost his wager, and it was too late for him to withdraw the stake." *Meador v. Dollar Savings Bank,* 56 Ga. 605, 609. That plaintiffs and their counsel knew what the verdict was is beyond cavil. What prompted the dismissals? See *Brunswick Grocery Co. v. Brunswick & Western R. Co.,* 106 Ga. 270, 272 (32 SE 92, 71 ASR 249) ; *Peoples Bank of Talbotton v. Exchange Bank of Macon,* 119 Ga. 366, 368 (46 SE 416) ; *City of Macon v. Joiner,* 19 Ga. App. 11 (1) (90 SE 734), all holding that once the plaintiff or his counsel acquire knowledge of the verdict the right of dismissal is lost. See also, *Peeples v. Root,* 48 Ga. 592; *Seaboard A. L. R. Co. v. Whitman,* 107 Ga. App. 375 (130 SE2d 272).

Vacation of the dismissal of the petitions and entry of judgment for the defendant upon the verdict was proper.

*Judgments affirmed. Felton, C. J., and Hall, J., concur.*