## 50101. NICHOLSON v. THE STATE.

DEEN, Presiding Judge.

1. This case is on appeal from conviction on a two-count indictment for sodomy. There was ample evidence to support the verdict, including testimony of one of the minors involved, and testimony of the mother as to the physical condition of one of the children immediately after the assault. There is also the testimony of a deputy sheriff as to admissions by the defendant to him of the acts charged, made very shortly after his arrest on the morning following the attacks of the previous night. Between the arrival of the officers and the defendant's statements, he was twice cautioned as to his right to an attorney and his right to maintain silence, and no circumstances appear which suggest coercion except that the defendant did not have on a shirt or shoes when he arrived at the jail and was furnished with this clothing. The explanation offered by the officers was simply that

they had given him time to obtain these articles and he had pretended not to be able to find them. The case is by no means doubtful on its merits, and the testimony of the officers when accepted as the truth was sufficient to establish that the confession was uncoerced and voluntary. *Bunckley v. State,* 215 Ga. 377 (4) (110 SE2d 744); *Walker v. State,* 226 Ga. 292 (6) (174 SE2d 440). It was accordingly not error to admit the confession in evidence.

2. Considering the statements of the defendant shortly after his arrest as a confession, there was no objection to the testimony offered, and therefore no error in its admission. *Patterson v. State,* 228 Ga. 389 (1) (185 SE2d 762); *Scudiere v. State,* 130 Ga. App. 477 (203 SE2d 581).

3. The reading aloud in open court of a verdict written in form and signed by the foreman of the jury constitutes its publication. *Haughton v. Judsen,* 116 Ga. App. 308, 311 (157 SE2d 297). "If the verdict was merely imperfect and informal, but the intention of the jury clearly expressed, then the court should have had the verdict put in proper form, in accordance with that intention." *Cothran v. Donaldson,* 49 Ga. 458, 459. Otherwise, substantial omissions are not to be supplied by the court. *Mayo v. Keaton,* 78 Ga. 125 (a) (2 SE 687).

Under Code Ann. § 27-2534 setting up bifurcated trial procedures, the jury, after returning a guilty verdict, hears further evidence and argument as to the sentence. "Upon the conclusion of the evidence and arguments, the judge shall give the jury appropriate instructions and the jury shall retire to determine the punishment to be imposed. The jury shall fix a sentence within the limits prescribed by law. The judge shall impose the sentence fixed by the jury as provided by law."

In the present case when the jury retired for the purpose of determining the sentence under this two-count indictment, the court instructed the members as to the form of verdict so far as the length of sentence for each count was concerned, but failed to give them any instructions on the question of concurrent versus consecutive sentencing. The jury returned, having fixed a punishment applicable to each count, and under the

judge's directive this sentence was published by reading it in open court. The judge then said: "Now, Mr. Foreman, or any other ladies and gentlemen, do you have some recommendation to the court as to whether those sentences should run together or one after the other?" to which the foreman replied: "We would like to recommend, your honor, that these sentences run one following the other, or consecutively."

It is obvious from the above that the rec-ommendation was not a part of the written sentencing verdict, but orally followed its publication. It is also clear that this oral recommendation was not based on any procedural instructions by the court, who had not submitted the question to them at all prior to their final determination. Thirdly, the form of the question ("Do you *or* any other ladies and gentlemen have any recommendation. . .") was phrased to elicit individual opinions and not the unanimous consensus of the jury members, as the law requires. The jury members were not polled. Under these circumstances the statement cannot be considered a part of the sentencing verdict as prepared and published. It is indeed a substantial modification thereof. "If there are two or more con-victions in a multi-count indictment, the jury must prescribe the sentence to be served on each count. And unless the jury specifies that the sentences imposed are to run consecutively, then the law (Code Ann. § 27-2510) is that they shall run concurrently." *Wade v. State,* 231 Ga. 131, 134 (200 SE2d 271). See also *Gandy v. State,* 232 Ga. 105 (205 SE2d 243). It follows that that part of the judgment requiring the sentences to be served consecutively was error. Direction is given that the sentences imposed be changed so as to show that they are to be served concurrently.

*Judgment affirmed with direction. Evans and Stolz, JJ., concur.*

SUBMITTED JANUARY 14, 1975 — DECIDED JANUARY 30, 1975.

*Horace T. Clary, Clayton H. Hollingsworth,* for

appellant.
*F. Larry Salmon, District Attorney,* for appellee.