## 65053. MOYER v. THE STATE.

McMurray, Presiding Judge.

Defendant and two others were indicted for the offense of theft by taking a motor vehicle (Code Ann. §§ 26-1802 (Ga. L. 1978, pp. 2257, 2258) and 26-1812 (c.1) (1) (Ga. L. 1981, pp. 1552, 1553, 1576)). This defendant was tried and convicted and sentenced to serve three years for the offense of criminal attempt: theft by taking a motor vehicle; the jury having returned a verdict of guilty of "attempt to steal" at which time the court instructed the jury foreman to write in there "guilty of attempt to steal an automobile" over the objection of

the counsel for defendant. The verdict was republished finding the defendant guilty of "attempt to steal an automobile," and the jury was polled as to whether this was their verdict. Defendant appeals after denial of his motion for new trial enumerating error that the trial judge improperly instructed the jury foreman, without further inquiry and without further deliberation by jurors, to complete a verdict in which there was a substantial omission. *Held:*

The reading aloud in open court of a written verdict signed by the foreman of the jury constitutes its publication. *Haughton v. Judsen,* 116 Ga. App. 308, 311 (2) (157 SE2d 297); *Nicholson v. State,* 133 Ga. App. 819, 820 (3) (212 SE2d 474). However, if the verdict is merely imperfect and informal, but the intention of the jury is clearly expressed, then the trial court should have the verdict put in proper form in accordance with that intention. *Cothran v. Donaldson,* 49 Ga. 458 (2); *Nicholson v. State,* 133 Ga. App. 819, 820 (3), supra. But substantial omissions are not to be supplied by the court. See *Mayo v. Keaton,* 78 Ga. 125 (a) (2 SE 687). In the case sub judice there was some evidence that there had been an attempt to steal a television set in the automobile in question and it very well could have been the intention of the jury to so find. However, there were no instructions to the jury with reference to the stealing of anything other than the motor vehicle. In addition to the charge as to the definition of motor vehicle theft and after charging the form of the verdict if the defendant were guilty or if the jury determined the defendant not guilty the court instructed the jury that might go further, "if you wish to [and] find the defendant guilty of the attempt to commit a crime," and the form of your verdict would be to find "the defendant guilty of an attempt to commit motor vehicle theft." In *Warren v. State,* 12 Ga. App. 695 (2) (78 SE 202), in a somewhat similar case involving the offense of larceny from the house the jury returned a verdict of "guilty of an attempt to commit larceny." In that case apparently the defendant argued that the jury intent was to find the defendant guilty of an attempt to commit simply larceny and not attempt to commit larceny from the house. Nevertheless, this court held that giving the verdict a reasonable construction it was clear that "the jury intended to find the accused guilty of an attempt to commit the crime charged in the accusation, to wit, larceny from the house, and not an intent to commit simple larceny." Under the circumstances here applying the same reasoning the trial court did not err in directing the foreman to add to the verdict as published "guilty of an attempt to steal" the words, "an automobile." Further, each juror was then polled as to whether this was their verdict, "freely and voluntarily arrived at," and was it still their verdict as rendered or as returned, each juror responding in the affirmative as to each question.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED DECEMBER 3, 1982.

*Stephen E. Curry,* for appellant.
*Sam B. Sibley, Jr., District Attorney,* for appellee.