## 71290. HANNULA v. RAMEY et al.

(339 SE2d 735)

DEEN, Presiding Judge.

Cheryl Hannula received neck injuries in an automobile collision while riding as a passenger in a car driven by Kimberly Waylen. Ms. Waylen's vehicle made a left turn at an intersection against a red light and collided with a truck driven by William Ramey. Judith Hannula, Cheryl's mother, brought suit on her daughter's behalf against Waylen and Ramey, seeking to recover damages for the injuries sustained by her daughter. The jury returned a verdict which awarded the plaintiff $500 from Ramey and $25,000 plus $7,213 in medical expenses from Waylen. The court instructed the jury that verdicts cannot be apportioned between defendants and asked it to retire and draft a new verdict. Before the jury returned, plaintiff's counsel attempted to file a voluntary dismissal. Waylen's counsel objected on the grounds that the verdict was published in open court when the court asked opposing counsel to read it and he was thereby informed of the jury's intention as to the amount of the award. The trial court held it would not allow the dismissal and denied the motion pursuant to OCGA § 9-11-41. It found that a verdict had been reached although it was not correct as to form, and that the case had been decided on its merits. The jury returned a verdict awarding the plaintiff $25,500 in damages plus $7,213 in medical expenses against Waylen. Plaintiff's motion to vacate the judgment and enter a dismissal without prejudice and, in the alternative, for a new trial was denied. This appeal followed.

1. Appellant contends that the trial court erred in refusing to give effect to its notice of voluntary dismissal which was filed prior to the return of a legal verdict and in denying its post-trial motions.

Before July 1, 1985, plaintiffs could dismiss an action without order of court by filing a written notice of dismissal any time before verdict. OCGA § 9-11-41 (a). "[O]nce a judgment in a civil case has been announced though not formally entered, the attempted filing of a voluntary dismissal thereafter is not permissible and does not effect a dismissal." *Jones v. Burton*, 238 Ga. 394, 395 (233 SE2d 367) (1977). "[T]he plaintiff's right to dismiss can not be exercised after a verdict or a finding by the judge which is equivalent thereto has been reached, if he has acquired actual knowledge of the verdict or finding, whether the same has been published or not. [Cits.] The principle at the foundation of these decisions is that after a party has taken the chances of litigation and knows what is the actual result reached in the suit by the tribunal which is to pass upon it, he can not, by exercising his right of voluntary dismissal, deprive the opposite party of the victory thus gained. It is knowledge of the actual, not of the possible, result of a case which precludes the exercise of the right of dis-

missal." *Peoples Bank of Talbotton v. Exchange Bank of Macon*, 119 Ga. 366, 368 (46 SE 416) (1904); *Groves v. Groves*, 250 Ga. 459 (298 SE2d 506) (1983). See also *Bytell v. Paul*, 173 Ga. App. 83 (325 SE2d 451) (1984). When a verdict has been received by the clerk of the court, and read at the direction of the judge, it has been published. A plaintiff may not thereafter dismiss his action unless it is void or for some lawful reason can be set aside. *Haughton v. Judsen*, 116 Ga. App. 308 (157 SE2d 297) (1967). However, if the verdict is merely imperfect, but the intention of the jury is clearly expressed, then the trial court should have the verdict put in proper form in accordance with the jury's intention. *Moyer v. State*, 164 Ga. App. 629 (298 SE2d 308) (1982). Moreover, a judge is authorized to permit papers to be filed with him, but he is not required to do so. OCGA § 9-11-5; *Smith v. Forrester*, 145 Ga. App. 281 (243 SE2d 575) (1978); *Vanderbreggen v. Hodge*, 171 Ga. App. 868 (321 SE2d 218) (1984). In the instant case, the court accepted the papers, but ordered them to be filed as an exhibit in the case. Although it is unnecessary to determine whether this action constituted accepting the papers for filing, we think it did not, as the judge's ruling on the objection indicates that he was not allowing the dismissal to be filed.

We find no error in the trial court's ruling. There is no doubt of the jury's intention to award the plaintiff an agreed upon sum for damages and medical expenses. This amount was revealed when the original verdict was published. The only portion of the verdict that was to be changed was whether Ramey would be jointly liable for the entire amount with Waylen. Plaintiff could not therefore move to voluntarily dismiss his complaint and hope for a more favorable verdict with another jury.

2. The trial court also did not err in submitting the issue of mitigation of damages to the jury. The evidence showed that during the plaintiff's recovery period her physician allowed her to use her good judgment and gradually resume her normal activities including cheerleading, but warned her to be careful with gymnastics, contact sports and standing on her head. When he was asked if she could have aggravated her neck condition doing headstands, gymnastics, flips, etc., the doctor replied: "She might could have." The plaintiff testified as to her resumption of cheerleading activities which included doing cartwheels, roundoffs, and participating in the formation of pyramids which required other students to stand on her shoulders. Accordingly, there was some evidence presented to raise a jury question as to whether she aggravated her condition by this activity. A charge is justified when there is some evidence upon which to base it. *B. J. Howard Corp. v. Skinner, Wilson & Strickland*, 172 Ga. App. 180 (322 SE2d 306) (1984). We find there was sufficient evidence to support a jury charge on the plaintiff's duty to mitigate her damages.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED JANUARY 6, 1986 —
REHEARING DENIED JANUARY 22, 1986.

*Charles M. Cork III, Clifford E. Alexander*, for appellant.
*William S. Goodman, William D. Temple, William D. Strickland, Judy F. Aust*, for appellees.