Warner, Chief Justice.
The error complained of in this case is, that” the Court below allowed the plaintiff to dismiss his case after the same had been submitted to the jury, and whilst they had been Considering the same for some time in their jury room. The right of the plaintiff to dismiss his case was decided by this Court in the Merchants’ Bank of Macon vs. Rawls & Taylor, 7 Georgia Reports, 191; Hugeley vs. Holstein, 34 Georgia Reports, 572. When the jury came into Court in the case now before us, after the plaintiff’s motion to dismiss it, a verdict, It appears, had been agreed on by the jury for the defendant, written and signed by the foreman, but there is no evidence that the fact was known to the plaintiff or his counsel at the time the motion to dismiss the case was made. If it had been shown to the Court by competent evidence that the plaintiff had surreptitiously, or otherwise, ascertained that the jury had found a verr diet against him before the motion was made to dismiss the case, and the Court had then refused to dismiss it on that account, we snould not have been disposed to interfere with that judgment, but nothing of that kind was made to appear to the Court in this case.
Let the judgment of the Court below be affirmed.