Meador vs. The Dollar Savings Bank et al.

THOMAS D. MEADOR, plaintiff in error, vs. THE DOLLAR SAVINGS BANK et al., defendants in error.

1. When an indorsement, as declared upon, is not in blank but in full, and there is no plea of non est factum, or other equivalent plea, and no averment that there was any want, or failure, or illegality, of consideration, or that the indorsement was made in blank, or that a collection was contemplated for the indorser's use and not for the use of the indorsee, parol evidence to explain the indorsement or vary its legal effect, is not admissible.

2. With proper pleadings to lay open the question, parol evidence is admissible to negative or vary the presumptive undertaking of the indorser, arising out of a blank indorsement made since the adoption of the Code, unless the rights of a bona fide holder have intervened. And it makes no difference, that since the indorser put his name on the paper, the usual terms of a full indorsement have been written over it, the indorser not having assented thereto.

3. A bank certificate of deposit, payable to the order of the depositor, but indicating no time of payment other than can be inferred from the words, "interest at the rate of seven per cent. on call, and ten per cent. per annum," is payable on demand, and, therefore, due immediately; and bona fide holders are affected with the equities existing between parties prior to themselves.

4. A verdict in favor of the only defendant who tendered an issue for trial, which issue related exclusively to his own several liability, having been returned into court and published, and, thereupon, the jury having been remanded to their room to perfect the verdict by finding, pro forma, as to the other two defendants, it was too late for the plaintiff to dismiss his whole action. After so much had transpired, the litigating defendant was entitled to have a verdict recorded for his protection.

Indorsement. Evidence. Pleadings. Banks. Contracts. Practice in the Superior Court. Before Judge HOPKINS. Fulton Superior Court. October Term, 1875.

Reported in the opinion.

BENJAMIN F. ABBOTT; JOHN D. CUNNINGHAM, for plaintiff in error.

JOHN A. STEPHENS; JULIUS L. BROWN, for defendants.

BLECKLEY, Judge.

The suit was by Meador, on three certificates of deposit, against the Dollar Savings Bank, as maker, and Lynch and

Goldsmith, as indorsers. Each certificate was payable to the depositor's order, with "interest at the rate of seven per cent. on call, and ten per cent. per annum." There was no other specification as to the time of payment. The declaration was in the short statutory form, with a copy of each certificate, and of the indorsements thereon annexed. On each certificate was an indorsement, over the signature of Lynch, in these words: "Pay to the order of J. W. Goldsmith," followed by an indorsement, in blank, by Goldsmith. Two of the certificates applied to deposits made by Lynch, and the third applied to a deposit made by Cassin, a person not sued, but whose indorsement in blank on this certificate appeared with the other indorsements, as copied below the declaration. Thus, as to Lynch, the action was founded upon full indorsements, and as to Goldsmith, upon blank indorsements. Lynch was the only defendant who pleaded or made defense. Besides the general issue, he filed, on oath, several special pleas, some of which are immaterial to any of the points argued in this court, or to any ruling which we make touching the case. The substance of those now relevant, was that Lynch indorsed without any design or intention to guarantee the contracts of the bank, or to engage to pay the money mentioned in the certificates; that Goldsmith took them with that understanding; that such instruments are known and called, by all men of business, certificates of deposit, and not bills or notes; that they pass solely upon the credit of the bank issuing them; that neither Goldsmith nor the plaintiff took them upon the credit of defendant's name; that defendant indorsed them for the purpose of collection only, and not for the purpose of guaranteeing their payment; that they were transferred by Goldsmith to the plaintiff, after due, and only colorably, to prevent defense, and to enable the plaintiff to collect for Goldsmith's benefit. There was no averment that Lynch indorsed in blank, or that anything had been written over his signature, or that the indorsements in full as set out in the copies annexed to the declaration were not his act or deed. Neither was it averred that there was no consideration for the indorse-

Meador *vs*. The Dollar Savings Bank *et al.*

ments, or any failure or illegality of consideration, or that the collection contemplated was for Lynch's use, and not for the use of Goldsmith.

1. At the trial, the court admitted parol evidence tending to prove that the certificates were sold by Lynch to Goldsmith on an express agreement that Lynch was not to be liable as an indorser, or otherwise; that the indorsements by him were in blank, and made solely for the purpose of enabling Goldsmith to collect from the bank, etc. The admission of some of this evidence over the plaintiff's objection is one of the grounds of the motion for a new trial. Having in mind the state of the pleadings, we cannot doubt that it was inadmissible. The action, as against Lynch, was not based on blank indorsements, but on indorsements in full. They were regularly declared upon, according to a form of declaration sanctioned by statute. If, as set out, they were not such as he made, they were either not his at all, and he should have denied them by a plea of *non est factum*, (Code, sections 2851, 2855,) or they were his, qualified by the special fact that they were executed in blank, and by the further fact that their ordinary legal effect was obviated by a special agreement, and he should have pleaded both the blank execution and the special agreement. In the pleas which he filed there was no hint that he indorsed in blank, or that anything had been written which he had not expressly authorized. He answered to the indorsements as the plaintiff set them forth; and, without averring anything against their form, undertook to combat their legal effect. Thus stood his case on the record. His evidence went to establish quite a different case. Prior to the Code, even a blank indorsement was not subject to be modified in its legal effect by parol evidence: 4 *Georgia Reports*, 106, 266; 33 *Ibid.*, 491. The Code, section 3808, changes that rule, but it does not expose any other indorsements to like modification. Where a question of consideration is raised, or a question of bailment for the purpose of collection, doubtless, on general principles, other indorsements can be reached, as well as those in blank: 22 *Georgia Reports*, 24; 30 *Ibid.*, 946; but this

Meador *vs.* The Dollar Savings Bank *et al.*

section of the Code cannot be extended to them without straining it with unwonted and unwarrantable violence. And in any case, when *mistake* is the ground relied upon, it must be alleged.

2. Under the Code, unless *bona fide* holders are prejudiced, all indorsements made in blank are open to explanation by parol: 43 *Georgia Reports*, 382. While this is a change in our own law, it is not altogether a novelty, as appears in 2 Parsons on Notes and Bills, 518, 519, and many cases there cited. The Code cuts us loose from the rule which prevails in New York and some other states, and puts us under the opposite rule which many of the states recognize and administer. It was argued before us that, as a blank indorsement is authority for filling it up with the usual words appropriate to an indorsement in full, parol evidence would be no longer admissible after this was done. We think otherwise. The right to explain would be worthless if it could be thus defeated. No implied authority is delegated which is not accompanied and qualified by the whole law of the transaction. Though the holder may supply the ordinary words, according to commercial usage, in so doing he does not change the fact that the indorsement was executed in blank; and, incident to that class of indorsements, is the right to explain, as against all holders not protected by their *bona fides*. With proper pleadings to admit the truth in evidence, the indorsement will be considered as continuing in its original state. Once in blank, always in blank, so far as the right to explain is concerned.

3. In this case the equities between prior parties would affect the plaintiff. The certificates are virtually payable upon "call," which means, we think, the same as demand; and paper payable on demand is due immediately: Code, section 2791. For a holder to be within the rule of protection, he must have acquired his title before the instrument became due; *Ibid.*, sections 2785, 2786.

4. The plaintiff's motion to dismiss his action came too late. He might have dismissed as to the maker and the non-

litigating indorser, and that privilege was not denied him. But a verdict for Lynch had been brought into court and read, and the jury, at the time of the motion to dismiss, had nothing before them but the *pro forma* disposition of the case as to the other defendants. They had been sent back for that purpose, and not to reconsider their finding as to Lynch. The result of the trial, as to him, had been reached and become known. The plaintiff had lost his wager, and it was too late for him to withdraw the stake: 7 *Georgia Reports*, 191; 34 *Ibid.*, 572. We direct a new trial for the sole reason that, on the pleadings, no evidence was admissible to impugn or vary the indorsements.

Judgment reversed.