## MARTIN & CO. *v.* ARMOUR PACKING CO.

A suit brought in this State by a non-resident, and filed and entered by the clerk of the court, should not be dismissed on motion of the defendant on the ground that the plaintiff had not made the deposit "on account of costs" as provided in section 5399 of the Civil Code. That section is intended for the protection of the officers of court, and whether the plaintiff does or does not comply with its terms is a matter with which the defendant has no concern.

Submitted March 16, — Decided April 10, 1900.

Complaint. Before Judge Harris. City court of Cartersville. June 24, 1899.

*John W. Akin,* for plaintiffs in error.
*Neel & Neel,* contra.

SIMMONS, C. J. In the city court of Cartersville, Georgia, the Armour Packing Co., a non-resident corporation, brought an action against Brinsfield of Bartow county, Cochran of Polk county, and Martin of Fulton county, all of this State. This action was brought to the March term, 1899, of the court. At the following June term the defendants moved to dismiss the action, because the deposit on account of costs had not been made with the clerk of the court before the suit was filed or before the motion to dismiss was made. The motion was denied, and the defendants excepted. This motion appears to have been made under the provisions of section 5399 of the Civil Code, which declares that the "clerks of the superior and city courts shall not be required to file any proceeding in which the plaintiff is a non-resident, until ten dollars shall have been deposited with the clerk on account of costs." By the act of 1896 (Acts 1896, p. 51) the provisions of this section were extended to county courts and justices' courts. This statute was adopted, in our opinion, solely to protect the officers

of the courts. If a non-resident wishes to file a suit, the clerk is not *required* to accept and file it until the ten dollars has been advanced. The clerk is not compelled to insist upon the making of the deposit, but may take the risk of collecting the costs during the progress of the suit or at its final disposition. If he does so, it is no concern of the defendant, and the latter has no right to have the suit dismissed simply because the deposit was not made before the filing of the suit. The clerk in this case seems not to have demanded an advance payment at the time of filing the suit, and he and the other officers of court are the only persons interested in the matter.

*Judgment affirmed. All the Justices concurring.*