## 7291.   CITY OF MACON *v.* JOINER.

</div>

"The plaintiff may dismiss his case at any time before the verdict is published, if unknown to him." *Peeples* v. *Root,* 48 *Ga.* 592. "The plaintiff's right to dismiss can not be exercised after the verdict, or a finding by the judge which is equivalent thereto, has been reached, if he has acquired actual knowledge of the verdict or finding, whether the same has been published or not. *Merchants Bank* v. *Rawls,* 7 *Ga.* 191 [50 Am. D. 394]; *Peeples* v. *Root,* 48 *Ga.* 592; *Cherry* v. *Building and Loan Association,* 55 *Ga.* 19; *Meador* v. *Bank,* 56 *Ga.* 605 (4) ; *Brunswick Grocery Co.* v. *Railroad Co.,* 106 *Ga.* 272 [32 S. E. 92, 71 Am. St. R. 249]." *Peoples Bank* v. *Exchange Bank,* 119 *Ga.* 366, 368 (46 S. E. 416).

<div align="center">Decided November 22, 1916.</div>

Action for damages; from municipal court of Macon—Judge Chambers.   January 20, 1916.

*W. D. McNeil, Roy W. Moore,* for plaintiff in error.

*C. G. Hardeman,* contra.

WADE, C. J.   Error is assigned in this case upon the action of the trial court in allowing the plaintiff to dismiss his suit after the court had directed a verdict for the defendant, and the verdict as directed had been prepared and signed by the foreman of the jury, and after the plaintiff had been thus informed as to what the verdict would be, but before the verdict had been read by counsel for the defendant.   The bill of exceptions makes the following recitals of fact: "The evidence in said case was introduced by both the

plaintiff and the defendant in the due course of procedure, after which time the defendant in said case moved to direct a verdict in favor of the defendant, for the reason that the evidence introduced by the plaintiff failed to make out a case against the City of Macon. The motion was sustained, and his honor directed a verdict for the defendant. After the foreman of the jury had signed the verdict as directed by the court, and after the plaintiff in said case was informed as to what the verdict would be, but before the signed verdict had been read by the defendant's counsel, the said plaintiff in said case moved to dismiss his suit, which motion the court sustained; to which ruling the defendant excepted and now excepts, and assigns the same as error."

Notwithstanding it does not appear that the verdict signed by the foreman of the jury under the direction of the court had been delivered to counsel for the defendant, or to any other person directed by the court to receive it (*Irvine* v. *Grant,* 15 *Ga. App.* 269, 82 S. E. 819; *Merchants Bank* v. *Rawls,* 7 *Ga.* 191, 50 Am. D. 394), it is clear, from the recitals in the bill of exceptions, that the verdict signed by the foreman of the jury was known to counsel for the plaintiff before he interposed his motion to withdraw the case. As was said in *Peoples Bank* v. *Exchange Bank,* supra, "After a party has taken the chances of litigation and knows what is the actual result reached in the suit by the tribunal which is to pass upon it, he can not, by exercising his right of voluntary dismissal, deprive the opposite party of the victory thus gained. It is knowledge of the actual, not of the possible, result of a case which precludes the exercise of the right of dismissal." It is further held in that case that "When a verdict in favor of the defendant has been reached but not returned into court, and the plaintiff in some way acquires actual knowledge of the finding, he can not exercise his right to voluntarily dismiss." The trial judge therefore erred in allowing the plaintiff to dismiss his action after the court had directed a verdict in favor of the defendant and this verdict had actually been signed by the foreman of the jury.

This was not a mere oral decision by the judge from which no appeal could be entered, but the decision had been entered in writing and signed by the proper official, and, so far as the plaintiff was concerned, had been duly published.   *Judgment reversed.*