## MACON, DUBLIN & SAVANNAH RAILROAD CO. *v.* LESLIE.

It is not error to permit a plaintiff to dismiss his case after the trial judge has announced in open court the direction of a verdict for the defendant, and while the verdict directed is being written, but before it is actually signed.

No. 786.   NOVEMBER 15, 1918.

Question certified by Court of Appeals (Case No. 8737).

*Minter Wimberly, Jesse Harris,* and *Charles Akerman,* for plaintiff in error.   *Robert L. Berner,* contra.

BECK, P. J.   The Court of Appeals certified the following question requesting instruction from the Supreme Court: "Is it error to permit a plaintiff to dismiss his case after the trial judge has announced in open court the direction of a verdict for the defendant, and while the verdict directed is being written, but before it is actually signed?"

We are of the opinion that the question propounded should be answered in the negative, thereby holding that the court did not err in permitting a plaintiff to dismiss his case after the trial judge had announced in open court the direction of a verdict for defendant, and while the verdict directed was being written, but before it was actually signed.   Section 5548 of the Civil Code reads as follows: "A petitioner may dismiss his petition at any time, either in term or vacation, so that he does not thereby prejudice any right of the defendant.   If claims by way of set-off or otherwise have been set up by the answer, the dismissal of the petition shall not interfere with the defendant's right to a hearing and trial on such claims in that proceeding."   We are of the opinion that the qualification that the right to dismiss at any time, "so that he does not thereby prejudice any right of the defendant," refers to rights growing out of the fact that counter-claims by way of set-off or otherwise have been set up by the answer of the defendant; and the intention of the proviso was, that where the defendant has by his answer set up by way of a counter-claim a right to recoupment or set-off, or similar counter-claims, he shall not be prevented from having the same tried and disposed of by reason of a dismissal by the plaintiff.   Where a court has orally directed that a jury return a certain verdict and before that verdict has been written and signed by the foreman, the mere direction by

the court to the jury to return a particular verdict does not amount to a disposition of the case. Suppose the court were to say to the jury that he directs them to return a stated verdict, and directs their foreman to sign same and return it into court, but before the verdict is written and signed, either in response to some suggestion by counsel for plaintiff or on his own motion, the court says, "Don't sign that verdict; I have changed my mind," would it not be competent for him to do so? It seems that it would. In the case of *Freeman* v. *Brown,* 115 *Ga.* 23 (41 S. E. 385), it was said: "The judge had determined to sustain the demurrer and dismiss the case, had dictated the matter which was to form the judgment of dismissal to the court stenographer, and that official was preparing the same for the judge's signature; but before he had completed his task and, of course, before the judge had signed the judgment, the amendment was offered. There was at that time nothing which was in condition to go upon the records of the court. The oral announcement of the judge was no judgment, neither were the shorthand notes of the stenographer of the matter and language of this oral announcement the judgment of the court, and certainly the uncompleted transcription of these notes into longhand was no judgment. What the judge orally declares is no judgment until it has been put in writing and entered as such." And in the case of *Lytle* v. *DeVaughn,* 81 *Ga.* 226 (7 S. E. 281), it was said: "We think it [an amendment tendered after the court announced that the motion to dismiss an illegality was sustained] was in time; for although the court had announced orally that the motion of the opposite party to dismiss the illegality was granted, no order of dismissal had been entered, or, so far as appears, signed, or even drawn up. The record indicates, or affords ground for inferring, that the offer was instant and immediate upon the oral announcement made by the court of its decision. That announcement, the court being one of record, did not terminate the case; it remained pending in court to await the preparation and entry of the final order or judgment." See also *Swilley* v. *Hooker,* 126 *Ga.* 353 (55 S. E. 31). If the judge in the present case had said, upon a motion made to direct a verdict: "I am of the opinion that a verdict should be directed for the defendant in the case; the evidence would not authorize any other verdict. But I will think about the matter until to-

morrow morning, during the recess which we are about to take," it will hardly be disputed that the plaintiff, after such an announcement as that, could have dismissed the case. In the case supposed the judge had said orally that no other verdict was possible, but he had reserved the right to think about it during the recess, and that implied possibly the right to change his mind. But would he not have the right to change his mind, where he had given oral directions without having reserved that right, up to the very time that the verdict was signed? We think that he would.

Much might be said in favor of a contrary holding, based upon rulings made in the cases of *Merchants' Bank of Macon.* v. *Rawls,* 7 *Ga.* 191 (50 Am. D. 394); *Brunswick Grocery Co.* v. *B. & W. R. Co.,* 106 *Ga.* 270 (32 S. E. 92, 71 Am. St. R. 249); *Meador* v. *Dollar Savings Bank,* 56 *Ga.* 605; *Peeples* v. *Root,* 48 *Ga.* 592. These are some of the cases cited in the brief of counsel for the plaintiff in error. But upon the whole we think the conclusion reached is the correct one. *All the Justices concur.*