## 9914.   HUGHES et al. v. FEAGIN & HANCOCK.

It is error to refuse to permit a plaintiff to dismiss his case, where no question as to recoupment, set-off, or similar counter-claim is involved,

after the trial judge has announced in open court his intention to sustain a general demurrer to the plaintiff's petition, but before an order sustaining such a demurrer has been signed. *Macon, D. & S. R. Co.* v. *Leslie*, 148 *Ga.* 524 (97 S. E. 438).

. DECIDED APRIL 23, 1919. REHEARING DENIED MAY 13, 1919.

Complaint; from Bibb superior court—Judge Mathews.  May 25, 1918.

*Napier & Maynard, R. L. Berner*, for plaintiffs.

*Hall & Grice*, for defendants.

WADE, C. J.  We would be content with what is said in the headnote, it being based entirely on a ruling made by the Supreme Court in response to a question certified to it by the Court of Appeals, were it not for the fact that no record of the Supreme Court ruling appears in the official reports of this court, since the case in which it was made was dismissed subsequently to the decision by the Supreme Court, but before this court had adopted the ruling, which we think settled an apparent conflict in numerous decisions.

The bill of exceptions in this case shows that the trial judge stated in open court that he would sustain a general demurrer interposed to the plaintiffs' petition, and prepared an order and written opinion to that effect.  Plaintiffs requested the court to refrain from signing his judgment sustaining the demurrer, as they contemplated the filing of an amendment to their petition.  Afterwards, and when the order and opinion of the trial judge sustaining the demurrer had not been signed, the plaintiffs stated to the court that they desired to dismiss their petition.  An order allowing them to do so was taken and signed by the court, and the plaintiffs made the following entry, of dismissal on their petition: "The within petition is hereby dismissed by plaintiffs upon consent of court.  This May 1, 1918.  (Signed) Napier & Maynard, R. L. Berner, attorneys for plaintiffs."  Subsequently, on May 15, 1918, the defendants through their counsel filed a motion to vacate the order allowing the plaintiffs to dismiss their case, and, after hearing argument and evidence on this motion, the trial judge entered up a judgment vacating his former order of dismissal, and declared that "the opinion and judgment upon demurrer will be signed on this day in conformity with the announcement made in open court on April 29, 1918."  The plaintiffs excepted to this judgment vacating the order allowing them to voluntarily dismiss their peti-

tion, and now allege it to be error, for the following reasons: " (*a*)
Because under the law a plaintiff is entitled to dismiss his case
at any time before a judgment therein is rendered by the court
against him, and this he may do either in term or vacation.  (*b*)
Because under the law plaintiffs had the right to dismiss their
case at any time, provided said dismissal did not prejudice any
rights of the defendants, and under the facts the defendants ac-
quired no rights under and by virtue of the oral announcement
of the judge from the bench, or his unsigned judgment sustain-
ing said demurrer and dismissing said case.  (*c*)   The judge had
no right to set aside a dismissal of a petition voluntarily made
by the plaintiffs, as a plaintiff has a right to dismiss his case, and
there is nothing that the judge can do to prevent it, unless the
defendants claim some affirmative rights like a set-off or recoup-
ment."

The question presented for decision is, therefore, whether the
trial judge erred in refusing to permit the plaintiffs to voluntarily
dismiss their petition after he had announced in open court his
intention to sustain the defendant's demurrer, but when a judgment
to that effect had not been prepared and properly signed.  Under
the answer of the Supreme Court to the question certified to it by
this court in the *Leslie* case, supra, it is apparent that the lower
court erred in not permitting the plaintiffs to voluntarily dis-
miss their petition.  The certified question referred to was whether
it is "error to permit a plaintiff to dismiss his case after the trial
judge has announced in open court the direction of a verdict for
the defendant, and while the verdict is being written, but before
it is actually signed?"   The Supreme Court answered this ques-
tion in the negative, it being held that "the court did not err in
permitting a plaintiff to dismiss his case after the trial judge had
announced in open court the direction of a verdict for defendant,
and while it was being written, but before it was actually signed."
That ruling was based upon section 5548 of the Civil Code (1910)
and the cases of *Freeman* v. *Brown,* 115 *Ga.* 23 (41 S. E. 385);
*Lytle* v. *DeVaughn,* 81 *Ga.* 226 (7 S. E. 281); and *Swilley* v.
*Hooker,* 126 *Ga.* 353 (55 S. E. 231.

The defendants in error rely upon the case of *City of Macon* v.
*Joiner,* 19 *Ga. App.* 11 (90 S. E. 734), and the numerous Supreme
Court decisions there cited or referred to, to sustain the ruling

of the trial judge in the instant case. The opinion rendered in the *Leslie* case, supra, itself shows that the Supreme Court took under consideration the more important of these cases, for it was there said: "Much might be said in favor of a contrary holding, based upon rulings made in the cases of *Merchants' Bank of Macon* v. *Rawls,* 7 *Ga.* 191 (50 Am. D. 394) ; *Brunswick Grocery Co.* v. *B. & W. R. Co.,* 106 *Ga.* 270 (32 S. E. 92, 71 Am. St. R. 249) ; *Meador* v. *Dollar Savings Bank,* 56 *Ga.* 605 ; *Peeples* v. *Root,* 48 *Ga.* 592. These are some of the cases cited in the brief of counsel for the plaintiff in error. But upon the whole we think the conclusion reached is the correct one." There is no conflict, however, between the ruling made in *City of Macon* v. *Joiner,* supra, and the ruling of the Supreme Court in the *Leslie* case, supra, on the exact question at issue and decided in the former case. It is true that in that case this court adopted as a headnote an excerpt from a decision of the Supreme Court which broadly held that "the plaintiff's right to dismiss cannot be exercised after the verdict, or a *finding by the judge which is equivalent thereto* [italics ours], has been reached, if he has acquired actual knowledge of the verdict or finding, whether the same has been published or not." But from an examination of that case it will be ascertained that the facts were as follows: "The evidence in said case was introduced by both the plaintiff and the defendant in the due course of procedure, after which time the defendant in said case moved to direct a verdict in favor of the defendant, for the reason that the evidence introduced by the plaintiff failed to make out a case against the City of Macon. The motion was sustained, and his honor directed a verdict for the defendant. After the foreman of the jury had signed the verdict as directed by the court, and after the plaintiff in said case was informed as to what the verdict would be, but before the signed verdict had been read by the defendant's counsel, the said plaintiff in said case moved to dismiss his suit, which motion the court sustained; to which ruling the defendant excepted and now excepts, and assigns the same as error." It will be observed that in the case now under consideration the judge had merely announced his purpose to sustain a demurrer, and while the losing parties had knowledge of his intention and the "finding by the judge" was thus published as to them, the decision had not been entered in writing and signed by the proper official, as was

true in the *Joiner* case, supra. In that case it was said: "This was not a mere oral decision by the judge from which no appeal could be entered, but the decision had been entered in writing and signed by the proper official, and, so far as the plaintiff was concerned, had been duly published." This last quotation clearly emphasizes the difference between the *Leslie* case and the *Joiner* case, and indicates why the last-named case is not authority for the ruling of the trial judge in declining to allow the losing parties to dismiss their case after the oral announcement of his purpose to sustain the demurrer. In other words, the headnote in the *Joiner* case, quoted from a decision of the Supreme Court, supported by other decisions of that court, laid down a proposition broader than necessary to support the ruling of this court; and while the later ruling by the Supreme Court in the *Leslie* cose restricts that broader rule, it nowise conflicts with what is said in the opinion in the *Joiner* case, or with the decision actually made therein. In the *Joiner* case the court had not only directed the verdict, but the verdict had actually been signed by the foreman of the jury, and the verdict so signed was known to counsel for the plaintiff before he interposed his motion to withdraw the case.

The action of the trial judge in vacating the order dismissing the case, which was originally granted on motion of the plaintiffs, cannot be adjudged mere harmless error where, after the case had been reinstated over objection, a general demurrer was sustained to the petition; for not only were the plaintiffs thereby denied an essential right to which they were entitled under the law, but the ruling on the demurrer constituted a final judgment against them unless reversed, and effectually disposed of the case as set out in the petition.

The ruling made by the Supreme Court in the *Leslie* case, supra, being on all fours with the question presented by the record in this case, is controlling.

*Judgment reversed. Jenkins and Luke, JJ., concur.*