## HAYLES v. SOUTHERN RY.

District Court,. S. D. Georgia.    April 2, 1928.

**1. Courts ⚖⇒351½—Right of plaintiff to dismiss after removal is determined by state practice (28 USCA § 724).**

Under conformity statute (Rev. St. § 914; 28 USCA § 724; Comp. St. § 1537), the right of plaintiff to dismiss an action after its removal into a federal court is determined by the state practice.

**2. Dismissal and nonsuit ⚖⇒12—In absence of set-off pleaded, plaintiff may dismiss at any time (Park's Ann. Civ. Code Ga. 1914, § 5627).**

Under Park's Ann. Civ. Code Ga. 1914, § 5627, a plaintiff may dismiss his action at any time unless a set-off has been pleaded.

**3. Dismissal and nonsuit ⚖⇒42—As between parties order of dismissal, signed by judge, is immediately effective.**

As between the parties an order of dismissal, when signed by the judge, is immediately effective.

**4. Dismissal and nonsuit ⚖⇒43(4)—Defendant cannot attack order of dismissal because costs have not been paid.**

A defendant cannot attack the validity of an order of dismissal on the ground that the costs had not been paid.

At Law.    Action by L. B. Hayles against the Southern Railway.    On motion by defendant to vacate order of dismissal and to reinstate case.    Denied.

L. R. Quinn, of Atlanta, Ga., for plaintiff.

W. S. Mann, of McRae, Ga., for defendant.

BARRETT, District Judge.    This suit was brought in the superior court of Dodge county, Georgia, against the defendant, claiming $10,000 for personal injuries.    By timely action it was removed to this court by the defendant.    The defendant denied liability, but set up no set-off or counterclaim in its answer.    On December 16, 1927, the defendant amended its answer and set up a counter-

claim against plaintiff for $11.50 for damage claimed to have been done by plaintiff's automobile to defendant's locomotive.

On December 2, 1927, Mr. L. R. Quinn, counsel for plaintiff, wrote the clerk of the District Court at Dublin a letter containing the following, referring to this case: "I, as leading counsel for the plaintiff, desire to dismiss this suit without prejudice, and would like to know whether or not it will be necessary for me to come to Dublin in order to dismiss this cause, or whether the same can be dismissed in vacation without any appearance."

To this he had a reply from the deputy clerk, under date of the 10th of December, 1927, as follows: "In response to your inquiry relative to the dismissal of suit of L. B. Hayles v. Southern Railway, I have drawn an order which you can have Judge Barrett, at Augusta, to sign and forward to me here."

On the 14th of December, 1927, Mr. Quinn wrote the judge of this court as follows: "As leading counsel for plaintiff in the above case, I am inclosing herewith an order for dismissing the same without prejudice, and kindly ask that you sign this order and forward it to Mr. Stubbs, at Dublin, Ga."

In this letter was inclosed copy of the order of dismissal, which was signed by the judge on December 16, 1927, at Augusta, Ga., as follows: "On motion of counsel for plaintiff, it is ordered that the above-entitled case be dismissed without prejudice, the costs to be taxed by the clerk against the plaintiff."    This order was filed in the clerk's office at Dublin on December 18, 1927.

On the 14th of December, 1927, Mr. Quinn also wrote to the deputy clerk at Dublin as follows: " * * * When this order is received from Judge Barrett, I would appreciate it very much if you would let me know, and also at the same time send me the costs in this case."    There is no evidence to show whether the filing of the counterclaim was before or after the actual signing of the order of dismissal by the judge.    At the time the judge signed the order of dismissal the costs of court had not been paid by the plaintiff, nor had his counsel had a reply from the deputy clerk advising as to the amount of the costs.

By motion filed in the clerk's office on January 16, 1928, defendant moved that the said order of dismissal be vacated and that the case be reinstated.

[1, 2] 1. Under the conformity statute, US CA tit. 28, p. 935, § 724 (Comp. St. § 1537), the right of the plaintiff to dismiss an action at law after its removal to the

federal court is determined by the state practice. El Paso Co. v. Riddle (C. C. A. Fifth Cir.) 294 F. 892 (1). "The plaintiff in any action, in any court, may dismiss his action either in vacation or term time." Code of Georgia (1914) § 5627.

The liberal interpretation of this rule is evidenced by the decision of the Georgia Supreme Court in Macon, Dublin & Savannah Railroad Co. v. Leslie, 148 Ga. 524, 97 S. E. 438, as follows: "It is not error to permit a plaintiff to dismiss his case after the trial judge has announced in open court the direction of a verdict for the defendant, and while the verdict directed is being written, but before it is actually signed"—and by the Court of Appeals, following an earlier decision of the Supreme Court, in Peeples v. Root, 48 Ga. 592, as follows: "The plaintiff may dismiss his case at any time before the verdict is published, if unknown to him." City of Macon v. Joiner, 19 Ga. App. 11, 90 S. E. 734.

The law as to the right of dismissal after set-off or counterclaim is filed is: "After a plea of set-off is filed, the plaintiff may not dismiss his action so as to interfere with said plea, unless by leave of the court on sufficient cause shown, and on terms prescribed by the court." Code of Georgia (1914) § 4348.

[3] 2. The burden is on the movant to prove that the plea of set-off or counterclaim was filed before the dismissal of the suit by the plaintiff was effective. Movant fails to prove that the counterclaim was filed before the order of dismissal was signed by the judge, but he contends that the dismissal was not effective until the order of dismissal, or an entry of like import, was entered by the deputy clerk at Dublin.

In considering this contention it must be remembered that the issue is wholly between parties, that the interest of no third party is affected, and that the reason for any rule whose purpose is to give notice to third parties is not applicable here. The better rule, which is amply sustained, is that, when the judge has signed an order of dismissal, the dismissal is immediately effective. 13 R. C. L. p. 581, § 16; 2 Black on Judgments (2d Ed.) § 703.

[4] The question of costs is between the clerk and party liable for such costs, and might be a sufficient reason to induce the judge not to sign the order of dismissal, or to affix a condition that the costs be paid. The opposite party cannot attack the validity of the order of dismissal on this ground. See Martin & Co. v. Armour Packing Co., 110 Ga. 569, 35 S. E. 632. In this case the costs have been paid since argument, upon the clerk's advising as to the amount.

In view of the above, it is unnecessary to consider the urge of plaintiff that an unliquidated demand cannot be plead as an offset or counterclaim. This is negatived by section 5521 of the Code (1914) of Georgia, and a number of decisions interpreting the same. It is also unnecessary to determine whether the counterclaim in this case is too trivial to be considered.

The motion to vacate the order of dismissal and to reinstate the case is therefore overruled.