23534.   WOOD v. KEYSVILLE LUMBER COMPANY.

JENKINS, P. J.   1. Under sections 5548 and 5627 of the Civil Code (1910), the plaintiff was not precluded from dismissing his petition before a final judgment was entered in favor of the defendant, upon the contention that the motion to dismiss was too late, where the judge, after hearing the evidence without a jury and reserving his decision, informed the parties that he had decided the case in favor of the defendant and would enter up his decision six days later, but at the request of the plaintiff did nothing on the date fixed, set the case down for a hearing nineteen days later upon the question of allowance of an amendment to the petition and further testimony to support the amendment, and the plaintiff, before such hearing and the entry of judgment for the defendant, moved for a dismissal and submitted to the judge a formal order therefor. *Macon, Dublin & Savannah R. Co.* v. *Leslie*, 148 *Ga.* 524 (97 S. E. 438), considering but in effect declining to follow the rulings in *Merchants Bank* v. *Rawls*, 7 *Ga.* 191 (50 Am. D. 394); *Brunswick Grocery Co.* v. *B. & W. R. Co.*, 106 *Ga.* 270 (32 S. E. 92, 71 Am. St. R. 249); *Meador* v. *Dollar Savings Bank*, 56 *Ga.* 605; *Peeples* v. *Root*, 48 *Ga.* 592. See also *Freeman* v. *Brown*, 115 *Ga.* 23 (41 S. E. 385); *Lytle* v. *DeVaughn*, 81 *Ga.* 226 (7 S. E. 281); *Swilley* v. *Hooker*, 126 *Ga.* 353 (55 S. E. 31); *Hughes* v. *Feagin*, 23 *Ga. App.* 667, 669-671 (99 S. E. 232). The *Leslie* case is controlling as to anything held to the contrary in *City of Macon* v. *Joiner*, 19 *Ga. App.* 11 (90 S. E. 734), and other decisions cited by the defendant in error.

2. Under sections 5548 and 4348 of the Civil Code, however, where a set-off was claimed in the answer, the plaintiff could not dismiss his action so as to "interfere with the defendant's right to a hearing and trial on [the defendant's] claims in that proceeding," or "prejudice any right of the defendant," unless "by leave of the court on sufficient cause shown, and on terms prescribed by the court." See *Macon, Dublin & Savannah R. Co.* v. *Leslie*, supra.

3. In the original petition, the plaintiff, as transferee from a trustee of a bankrupt, sued upon an "account stated" for $250. He sought to amend the petition by attaching a copy of a negotiable acceptance, evidencing the liquidation of the account sued on. The disallowance of this amendment, even if the amendment did not have the effect of setting up a new cause of action, was not prejudicial to the plaintiff, since the defendant in its answer had already admitted a prima facie case for the plaintiff.

4. The court did not abuse its discretion in thereafter refusing, upon the defendant's objections, to permit the plaintiff to dismiss his petition without a determination of the merits of the pending set-off, since, un-

der the statutes quoted, the plaintiff's effort to dismiss could not be allowed to interfere with the defendant's right to a "hearing and trial" on its claim of set-off, or be permitted to prejudice·any right of the defendant. The fact that the defendant in its set-off did not seek a judgment in excess of the plaintiff's claim would not change the rule.

5. The right of set-off, under sections 4339-4341 of the Civil Code, if the demands are "mutual" and "of the same nature," is not limited to mutual dealings, and need not arise between the same parties. Thus, "a transferred chose in action which can be sued on in the name of the assignee may be used as a set-off." *Nix* v. *Ellis*, 118 *Ga.* 345 (1, 3, 5), 346 (45 S. E. 404, 98 Am. St. R. 111); *Pickett* v. *Andrews*, 135 *Ga.* 299 (69 S. E. 478); *Webb-Harris Auto Co.* v. *Industrial Acceptance Cor.*, 164 *Ga.* 54 (137 S. E. 770); *Reynolds* v. *Speer*, 38 *Ga. App.* 570 (144 S. E. 358); 57 C. J. 506, 507, § 171. The defendant as indorsee of the check, under an agreement with the payee-indorser that if the maker of the check should sue the defendant upon its $250 debt due to the maker, the defendant would use the check as a set-off, and if successful, would pay $250 to the payee-indorser, having the right to sue in its own name, had the right to use the check as a set-off against the plaintiff, suing as transferee of his own claim from the maker of the check. The check importing a consideration, the burden of proving want of consideration was on the plaintiff. Even if the question of consideration for the indorsement of the check were material and could be questioned by the maker or any one except the indorser (see *Love* v. *Redwine*, 22 *Ga. App.* 160, 95 S. E. 742; Michie's Code, § 4294(24); 8 C. J. 347, 800, §§ 526, 1058), the agreement between the defendant and the indorser showed a valuable consideration. See also Michie's Code, § 4294 (30); *Farris* v. *Wells*, 68 *Ga.* 604; *Haug* v. *Riley*, 101 *Ga.* 372 (2) (29 S. E. 44, 40 L. R. A. 244); *First National Bank of Etowah* v. *Messer*, 136 *Ga.* 226 (71 S. E. 148); *Wilson* v. *Tolson*, 79 *Ga.* 137 (3 S. E. 900); *Neal* v. *Gray*, 124 *Ga.* 510 (3) (52 S. E. 622); *Peck* v. *Calhoun*, 38 *Ga. App.* 764 (145 S. E. 528).

6. The bankruptcy of the maker of the check after its execution would not impair the validity of the transfer of the check from the payee to the defendant, or prevent the defendant from setting it off against the plaintiff as transferee of his own claim from the maker; it not being sought to enforce the check against the bankrupt, the evidence authorizing a finding that the indorsement was made before bankruptcy, and there being no proof of insolvency of the maker at the time the check was made, or any violation of the Federal bankruptcy act.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JUNE 18, 1934. REHEARING DENIED SEPTEMBER 19, 1934.

*Felix C. Williams, J. L. Price,* for plaintiff.
*John J. Jones, M. C. Barwick,* for defendant.