26984.   COWART *v.* ATLANTA, BIRMINGHAM AND COAST
RAILWAY COMPANY.

Decided October 1, 1938.

*William A. Thomas, Harwell & Harwell,* for plaintiff.
*MacDougald, Troutman & Arkwright, Harllee Branch Jr., Brandon, Hynds & Tindall,* for defendant.

Sutton, J.   James M. Cowart brought suit against the Atlanta, Birmingham and Coast Railway Company, for an alleged breach of a contract of employment.   The defendant filed demurrers and an answer; and the court sustained the special demurrers, with leave to amend.   The plaintiff amended his petition by alleging that he was discharged by the defendant without being given a hearing and without the right of an appeal from the order of dismissal, as provided by the terms of the contract.   After the allowance of this amendment the general demurrer was overruled, and the case proceeded to trial.   At the conclusion of the evidence by both sides, counsel for the defendant had the jury retired from the court-room and made a motion for a directed verdict for the defendant.   After argument the court ruled on the motion and stated that he thought the evidence demanded a verdict for the defendant, "and you may write that kind of a verdict."   Whereupon counsel for the plaintiff stated to the court that he would

dismiss the case, and immediately wrote and signed on the petition the following: "The within petition dismissed by plaintiff. This the 4th February, 1938. William A. Thomas, attorney for plaintiff." The judge then ruled that he would not permit the plaintiff to dismiss the case after a verdict had been directed and the plaintiff knew what the verdict was, and had the jury brought back into the court-room, and the directed verdict for the defendant was reduced to writing and signed by the jury. The plaintiff excepted to the order of the court refusing him the right to dismiss his case. So the question for determination is whether the court erred in refusing to allow the plaintiff to voluntarily dismiss his petition after the judge had orally announced that he would direct a verdict for the defendant, but where the verdict had not been reduced to writing and signed by the jury.

It is provided in the Code, § 3-510: "The plaintiff in any action, in any court, may dismiss his action either in vacation or term time, if he shall not thereby prejudice any right of the defendant, and if done in term time, the clerk of court or justice of the peace shall enter such dismissal on the docket. After a plea of set-off or otherwise shall have been filed, the plaintiff may not dismiss his action so as to interfere with said plea, unless by leave of the court on sufficient cause shown, and on terms prescribed by the court." No counter-claim or affirmative relief was asked for in the defendant's answer in the present case. A complainant may dismiss his petition, either in term time or vacation, without leave or order of the court. *Kean* v. *Lathrop,* 58 *Ga.* 355; *American Legion* v. *Miller,* 183 *Ga.* 754 (189 S. E. 837); *Davenport* v. *Hardman,* 184 *Ga.* 518 (192 S. E. 11). It was ruled in *Macon, Dublin & Savannah Railroad Co.* v. *Leslie,* 148 *Ga.* 524 (97 S. E. 438): "It is not error to permit a plaintiff to dismiss his case after the trial judge has announced in open court the direction of a verdict for the defendant, and while the verdict directed is being written, but before it is actually signed." It was said: "We are of the opinion that the qualification that the right to dismiss at any time, 'so that he does not thereby prejudice any right of the defendant,' refers to rights growing out of the fact that counter-claims by way of set-off or otherwise have been set up by the answer of the defendant; and the intention of the proviso was, that where the defendant has by his answer set up

by way of a counter-claim a right to recoupment or set-off, or similar counter-claims, he shall not be prevented from having the same tried and disposed of by reason of a dismissal by the plaintiff. Where a court has orally directed that a jury return a certain verdict and before that verdict has been written and signed by the foreman, the mere direction by the court to the jury to return a particular verdict does not amount to a disposition of the case." And in *Black* v. *Black,* 165 *Ga.* 243 (2) (140 S. E. 364), it was held: "The plaintiff can dismiss his petition after the introduction of all evidence by both parties, and at any time before judgment has been put in writing and entered as such." To the same effect see *Blakely Lumber Co.* v. *Reynolds Lumber Co.,* 173 *Ga.* 602, 609 (160 S. E. 775). What the judge orally announces or declares is no judgment until it has been put in writing and signed. *Freeman* v. *Brown,* 115 *Ga.* 23 (41 S. E. 385); *Foy* v. *McCrary,* 157 *Ga.* 461 (121 S. E. 804); *Blakely Lumber Co.* v. *Reynolds Lumber Co.,* supra; *Hughes* v. *Feagin,* 23 *Ga. App.* 667 (99 S. E. 232). In *Wood* v. *Keysville Lumber Co.,* 49 *Ga. App.* 799 (175 S. E. 923), this court held: "Under sections 5548 and 5627 of the Civil Code (1910), the plaintiff was not precluded from dismissing his petition before a final judgment was entered in favor of the defendant, upon the contention that the motion to dismiss was too late, where the judge, after hearing the evidence without a jury and reserving his decision, informed the parties that he had decided the case in favor of the defendant and would enter up his decision six days later, but at the request of the plaintiff did nothing on the date fixed, set the case down for a hearing nineteen days later upon the question of allowance of an amendment to the petition and further testimony to support the amendment, and the plaintiff, before such hearing and the entry of judgment for the defendant, moved for a dismissal and submitted to the judge a formal order therefor." (Citing.)

The defendant contends that after the case had been tried and both sides had closed, and the court had orally announced the direction of a verdict for the defendant, the plaintiff did not have the absolute right, without the leave of the court, to dismiss his suit, and that the court did not err in refusing to permit the plaintiff to dismiss his action. Many foreign authorities and

Federal cases are cited in the elaborate brief of counsel for defendant, in support of the above contention. It seems that the rule in many of the States is that a plaintiff can not voluntarily dismiss his suit after the case has proceeded to trial. But the rule in this State is different, and this case must be determined under our statute and the Georgia decisions. The principal Georgia cases cited by counsel for the defendant are: *Merchants Bank of Macon* v. *Rawls,* 7 *Ga.* 191 (50 Am. D. 394); *Hugley* v. *Holstein,* 34 *Ga.* 572; *Peeples* v. *Root,* 48 *Ga.* 592; *Cherry* v. *Home B. & L. Asso.,* 55 *Ga.* 19; *Meador* v. *Dollar Savings Bank,* 56 *Ga.* 605; *Handley* v. *McKee,* 8 *Ga. App.* 570 (70 S. E. 94); *Atlanta Art Glass Co.* v. *Southern Saw & Machinery Works,* 17 *Ga. App.* 470 (87 S. E. 693); *City of Macon* v. *Joiner,* 19 *Ga. App.* 11 (90 S. E. 734). An examination of these cases will reveal that they are distinguishable on their facts from the present case, and are not here applicable. Under the Code, § 3-510, and the decisions of this court and the Supreme Court, where the court has orally announced the direction of a verdict for the defendant, but where the verdict has not been reduced to writing and signed by the jury, the plaintiff has the right to voluntarily dismiss his suit. The court erred in refusing to permit him to do so in the present case.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*