44531. WILSON v. MATTHEWS et al., by Next Friend.
44532. WILSON v. MATTHEWS.

DEEN, Judge. Prior to the Civil Practice Act a plaintiff might always exercise his right of voluntary dismissal prior to verdict even though the action had been tried, a motion for directed verdict had been made by his opponent, and the trial court had orally announced his intention of granting it. *Cowart v. Atlanta, B. & C. R. Co.,* 58 Ga. App. 466 (198 SE 795). The cases sub judice show an identical fact situation, but the appellants who moved for directed verdicts contend that under present practice the plaintiff may not, at this stage of the proceedings, voluntarily dismiss and thus preserve the right to rebring the action, and that they are entitled to directed verdicts which will constitute a final disposition of the litigation. *Code Ann.* § 81A-141 (a) provides: "Subject to the provisions of 81A-123 (c) [class actions] of section 81A-166 [receiverships] *and of any statute,* an action may

be dismissed by the plaintiff, without order of court, by filing a written notice of dismissal at any time before verdict." This differs from the analogous Federal Rule of Civil Procedure 41 (a) in that the latter specifies "any statute of the United States" (other Federal statutes, such as 8 U. S. C. A. § 164 and 31 U. S. C. A. § 232 limit the right of voluntary dismissal in specific situations), and also differs in that the Federal rule relates to dismissal only in the early stages of litigation "at any time before service by the adverse party of an answer or of a motion for summary judgment." Obviously, the plaintiff in a State court has the right at any time before verdict (we eliminate here any question of rights arising from interlocutory adjudications of the type dealt with in Chicago & A. & R. Co. v. Union Rolling Mill Co., 109 U. S. 702 (3 SC 594, 27 LE 1081)), unless some statute of the State of Georgia provides to the contrary by preventing a voluntary dismissal with the concomitant right to rebring the action where it collides with the right of the opposite party to an order permanently disposing of the litigation. It is suggested by the appellant that *Code Ann.* § 81A-150 meets this requirement, because it provides that if a motion for directed verdict is *for any reason* not granted, the court "is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion" and "if no verdict was returned, the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial." We do not consider this language as meeting the "any statute" exception of *Code Ann.* § 81A-141 (a). It is (except as to the time for making the motion) in the language of Federal Rule 50 (b): "If no verdict was returned, the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial." Without getting into the very fundamental distinctions between motions for directed verdict or judgment notwithstanding the verdict on the one hand and new trials on the other (in which connection see, as it relates to Rule 50 (b), Moore's Federal Practice, Vol. 6A, p. 3814, § 59.08 [5]), it is still obvious that the trial judge has a discretion remaining after the trial is over, when the proper motions are made, whether to finally end the litigation or not. If he grants a new trial the litigation is not finally disposed of. At this stage of the proceedings,

of course, the decision belongs to him and not to the plaintiff, whereas by a voluntary dismissal the plaintiff may in effect be granting himself a new trial. But *Code Ann.* § 81A-150 cannot be held to be "any statute" under § 81A-141 (a) on the ground that the moving party has a right at this stage of the proceedings to obtain a final judgment at the trial level one way or the other.

There is at least dicta in Cone v. West Va. Pulp &c. Co., 330 U. S. 212, 217 (67 SC 752, 91 LE 849) to support this view. There the court said: "In this case had respondents made a timely motion for judgment notwithstanding the verdict, the petitioner could have either presented reasons to show why he should have a new trial, or at least asked the court for permission to dismiss. If satisfied . . . that the ends of justice would best be served by allowing the petitioner another chance, the judge could have so provided in his discretion." Insofar as the State and Federal practice rules are analogous, we tend to be persuaded by the thrust of the Federal decisions, and this is particularly so where it agrees with State law as established prior to the Civil Practice Act.

The plaintiffs here had a right of voluntary dismissal after the judge had orally announced his intention of directing a verdict against them but before such action had been taken.

*Judgment affirmed. Bell, C. J., and Eberhardt, J., concur.*

ARGUED MAY 29, 1969—DECIDED SEPTEMBER 9, 1969.

*Robinson, Thompson, Buice & Harben, B. Carl Buice,* for appellant.

*Mitchell & Mitchell, Warren N. Coppedge, Jr., Ellard & Frankum, Stephen D. Frankum, Neely, Freeman & Hawkins, John V. Skinner, Jr.,* for appellees.